UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
L.E.A. ELECTRIC CORP.,

    Plaintiff,

vs.

DAFNA CONSTRUCTION CO., LTD.,
and SAFECO INSURANCE CO. OF AMERICA,

    Defendants.
_____/

Civil Action No.
04-CV-2707

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the court on plaintiff's motion for summary judgment. Defendants have filed a response brief and plaintiff has filed a reply. Finding oral argument unnecessary, the court shall decide this motion on the briefs.

Plaintiff L.E.A. Electric Corp. ("L.E.A.") has brought this action to collect moneys allegedly owed by defendant Dafna Construction Company ("Dafna") for services L.E.A. performed for Dafna as an electrical subcontractor on a government construction project. Defendant Safeco Insurance Company of America ("Safeco") issued a performance and payment bond for the project. L.E.A. alleges that Dafna, the general contractor, has failed to pay $105,337.50 under the subcontract and $25,358.00 for additional high voltage splicing. In addition, L.E.A. alleges that it suffered property loss worth $24,134.00 due to vandalism caused by Dafna's negligent failure to supervise and safeguard the work site. Accordingly, L.E.A. seeks $154,829.50 in damages plus interest, costs and attorney fees. In its counterclaim, Dafna alleges that some of L.E.A.'s work was defective, other work was not performed, and that Dafna in fact overpaid L.E.A. by $140,088.60.

Dafna therefore seeks judgment in this amount plus interest, costs and attorney fees.

Plaintiff seeks summary judgment on its claims, and on defendant's counterclaim, on the grounds that the affidavits and discovery materials demonstrate plaintiff's entitlement of judgment and the absence of any genuine issues of material fact. Defendant opposes the motion and has submitted counter-affidavits and various other evidence.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Once a properly supported summary judgment motion has been filed, the burden shifts to the party opposing the motion to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence "in the light most favorable to the opposing party," *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See Anderson*, 477 U.S. at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir. 1990).

From the competing affidavits submitted in this matter, it is apparent that this case

cannot be resolved on summary judgment. This was also apparent at the settlement conference over which the court presided on August 1, 2006. The affidavits reflect the same fundamental disagreement over the facts as was evident during the court's discussions with the lawyers and principals at the settlement conference. For example, while plaintiff claims that defendant's negligence failed to prevent over $24,000 in vandalism damage, defendant disputes the amount of the damage, avers that the parties settled this issue in January 2004, and claims that plaintiff, not defendant, precipitated the vandalism by failing to hire electricians from the local union. There are also significant factual disputes regarding the validity and amounts of various credits and back charges which Dafna believes reduce the amount owed under the subcontract, if any, all of which are detailed in defendant's response brief. The parties also dispute the value of work done by a third party, Visitrak International Corp., which apparently performed a substantial amount of work covered by L.E.A.'s subcontract.

The court need not discuss all of the parties' various disputes or comment on the strength or weakness of the evidence submitted in support of each parties' position. For present purposes it is sufficient to say that these factual disputes must be resolved at trial, not by the court on plaintiff's motion. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that both parties be prepared to discuss any trial-related issues (e.g., length of trial, witness problems, disputes over jury instructions) during the telephonic final pretrial conference scheduled for February 13, 2007, at 2:00 PM. Counsel are reminded that

the trial is scheduled to commence on Monday, February 26, 2007. A magistrate judge may select the jury during the preceding week.

Dated: January 25, 2007

　　　　　　　　　　　　　　　　　　s/ Bernard A. Friedman
　　　　　　　　　　　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE
　　　　　　　　　　　　　　　　　　SITTING BY SPECIAL DESIGNATION